UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| EARTHLINK, INC. | : | |
| | : | |
| v. | : | Misc. 07-0015-ML |
| | : | |
| DAVID R. PAOLO | : | |

**MOTION OF EARTHLINK, INC. TO ADJUDGE IN CONTEMPT AND FOR ENFORCEMENT OF SUBPOENAS**

Pursuant to Rule 45(e) Fed. R.Civ. Proc., plaintiff moves that the defendant judgment debtor, David R. Paolo, and his spouse Kathleen Paolo, be adjudged in contempt for non-compliance with subpoenas for documents served to them on August 27, 2007. The grounds for this motion are set forth in the supporting Affidavit and Memorandum.

As remedies for the willful and persistent refusal to comply with the subpoenas, Earthlink requests: (1) that David R. Paolo and Kathleen Paolo be adjudged in contempt and be incarcerated, and ordered to pay $500.00 per person per day to Earthlink, until they have complied in full with the subpoenas for documents served upon them; (2) that they be ordered to pay for the attorney's fees and costs incurred in attempting to obtain compliance with and enforcement of the subpoenas (six hours of attorney time at $275 per hour); and (3) for such other and further relief as may be deemed appropriate.

A hearing on this motion may be required in order to comply with due process rights of the contemnors. See, e.g., Fisher v. Marubeni Cotton Corp., 526 F.2d 1338 (8th Cir. 1975).

Earthlink, Inc.
By Its Attorney,

/s/ John D. Deacon, Jr.
John D. Deacon, Jr., #2226
72 Pine Street
Providence, RI 02903
(401)272-8080
(401)272-8195
email: jdeacon@lmkbw.com

## CERTIFICATION

I hereby certify that on April 25, 2008, a copy of the foregoing Motion of Earthlink, Inc. to Adjudge in Contempt and for Enforcement of Subpoenas was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system, or by e-mail or to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Anthony F. Cottone cottonelaw@cox.net

/s/ John D. Deacon, Jr.

F:\John D\Earthlink\PLEADINGS\MOTION CONTEMPT 042408.doc

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

EARTHLINK, INC. :
:
v. : Misc. 07-0015-ML
:
DAVID R. PAOLO :

**AFFIDAVIT OF JOHN D. DEACON, JR., IN SUPPORT OF EARTHLINK, INC.'S, MOTION TO ADJUDGE IN CONTEMPT AND FOR ENFORCEMENT OF SUBPOENAS**

I, John D. Deacon, Jr., declare as follows:

1. I submit this Affidavit in support of the Motion of EarthLink, Inc. under Rule 45(e) to adjudge David R. Paolo and Kathleen Paolo in contempt for noncompliance with subpoenas for documents served on August 27, 2007.

2. I have been admitted to practice before this Court for thirty years. I have personal knowledge of all facts set forth in this Affidavit.

3. I have been retained by EarthLink, Inc. ("EarthLink") to pursue collection of the judgments entered by the United States District Court for the Northern District of Georgia against David R. Paolo ("Paolo") on November 7, 2006 and December 11, 2006 (the "Judgments"). The Judgments were duly registered in this Court in February 2007.

4. On or about July 9, 2007 and September 5, 2007, Anthony F. Cottone, Esquire, entered his appearance as Paolo's attorney in the cases in this which were initiated when EarthLink registered the Judgments against Paolo.

5. Accordingly, Paolo was represented by Mr. Cottone with respect to the Judgments as of July 9, 2007, at the latest.

6. In furtherance of the collection of the Judgments, commencing August 15, 2007, I attempted to have Paolo and his spouse Kathleen Paolo served with subpoenas at their residence located at 18 Deer Run, Scituate, Rhode Island 02857. True copies of the subpoenas are attached as Exhibit 1.

7. Paolo's spouse refused to accept or to allow service of the subpoenas from the process server and told the process server that he should deal with Paolo's attorney.

8. Subsequently, I contacted Mr. Cottone about receiving service of the subpoenas and, on August 27, 2007, Mr. Cottone agreed to accept service of the subpoenas for Paolo and Paolo's wife Kathleen.

9. Copies of the subpoenas were delivered to Mr. Cottone on August 27, 2007, and additionally on several other occasions in the two weeks thereafter.

10. After the subpoenas were delivered, however, Mr. Cottone did not return any of my multiple written and telephone communications to confirm acceptance of service of the subpoenas and to arrange compliance with the subpoenas by Paolo and by Paolo's wife Kathleen. Neither Paolo nor Paolo's wife Kathleen has complied in any respect with any of their obligations under these subpoenas.

11. In or about early November of 2007, a few days less than one year after entry of the first of the judgments against Paolo in the Northern District of Georgia, Paolo filed a motion in that District, under Rule 60, to vacate the Judgments.

12. On November 24, 2007, in support of Earthlink's objection to Paolo's motion to vacate the Judgments in Georgia, I furnished an affidavit reciting Paolo's non-compliance with the subpoenas in this District.

13. On November 28, 2007, shortly after the filing of my affidavit, I received a telephone call from Paolo's Rhode Island attorney, Mr. Cottone. He confirmed that he had agreed to accept service of the subpoenas for the Paolos in August of 2007, and aplogized for not having returned the written acceptance of service. He claimed to believe that the Paolos had produced documents in full and complete compliance with the subpoenas, and claimed surprise that there had been absolutely no production or compliance whatever with the subpoenas. Mr. Cottone agreed to send me the written confirmation of acceptance of service of the subpoenas, and this was done under cover of letter that day (copies in Exhibit 2). He also promised that his clients, the Paolos, would fully comply with the subpoenas. There was no objection to the subpoenas and no request or agreement that compliance with the subpoenas be stayed or postponed.

14. Since that communication on November 28, 2007, there has been no production of documents, no compliance of any kind with the subpoenas, and no communication whatever from the Paolos or from their attorney regarding compliance with the subpoenas.

15. On March 31, 2008, the United States District Court for the Northern District of Georgia filed a decision denying Paolo's Rule 60 Motion to Vacate. A true copy of that decision has been filed separately in this action.

16. To date, I have expended a total of six hours of attorney time attempting to obtain compliance with the subpoenas and in making this motion. My normal hourly rate is $275.00 per hour.

I declare under the penalty of perjury that the foregoing is true and correct according to my personal knowledge.

John D. Deacon, Jr.

STATE OF RHODE ISLAND
COUNTY OF PROVIDENCE

Subscribed and sworn to before me personally this 25th day of April, 2008.

Christina J. Morris, Notary Public
My Commission Expires: 12/06/11

F:\John D\Earthlink\AFFIDAVIT JDD 042408.doc

# EXHIBIT 1

**Issued by the**

**UNITED STATES DISTRICT COURT**

**DISTRICT OF** Rhode Island

Earthlink, Inc.

V.

David R. Paolo

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER: [1] Misc. 07-0015-ML

TO: David R. Paolo, as general partner of The DRP Family Limited Partnership

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Documents listed on Exhibit A hereto

True Copy attest 8:30 pm
Edw Sy Process
Federal Server
8/21/07

| PLACE | DATE AND TIME |
|---|---|
| Office of John D. Deacon, Jr.<br>72 Pine Street, 2nd Floor<br>Providence, RI 02903 | August 30, 2007<br>2 p.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] attorney for plaintiff | Aug. 15, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

John D. Deacon Jr.
72 Pine St., Providence RI 401-272-8080

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena In a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

SERVED ON (PRINT NAME) MANNER OF SERVICE

SERVED BY (PRINT NAME) TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ____________________
DATE

____________________
SIGNATURE OF SERVER

____________________
ADDRESS OF SERVER

____________________

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

EXHIBIT A
TO SUBPOENA FOR DOCUMENTS—
to general partners of **The DRP Family Limited Partnership**

Produce the following documents:

Regarding **The DRP Family Limited Partnership-**for the period from January 1, 2000 through present

1. All documents reflecting or relating to formation and/or purpose of formation, including but not limited to any agreements and/or contracts for formation of the limited partnership;

2. All documents reflecting the identity of limited partners;

3. All documents reflecting or relating to assets received and/or owned;

4. All documents reflecting or relating to income received;

5. All documents reflecting or relating to payments and/or distributions;

6. All federal form k-1s and any and all other federal income tax reports and/or returns;

7. All documents reflecting or relating to the transfer or assignment of any asset;

8. All documents reflecting or relating to minutes or memos of meetings of partners; resolutions, directives, authorizations and/or decisions for any action by or on behalf of the limited partnership; and the minute book of the limited partnership; and

9. All documents reflecting any capital contribution by any general or limited partner.

# Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF Rhode Island

Earthlink, Inc.

V.

David R. Paolo

## SUBPOENA IN A CIVIL CASE

CASE NUMBER: [1] Misc. 07-0015-ML

TO: Kathleen K. Paolo, as general partner of The DRP Family Limited Partnership

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Documents listed on Exhibit A hereto

True Copy Attest
[signature]
Federal Process Server

| PLACE | DATE AND TIME |
|---|---|
| Office of John D. Deacon, Jr.<br>72 Pine Street, 2nd Floor<br>~~Providence, RI 02903~~ | August 30, 2007<br>2 p.m. |

8/24/07
8/22/07
8/24/07

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature], attorney for plaintiff | Aug. 15, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
John D. Deacon Jr. 72 Pine St., Providence, RI 401-272-8080

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

SERVED ON (PRINT NAME) MANNER OF SERVICE

SERVED BY (PRINT NAME) TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ______________________
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

EXHIBIT A
TO SUBPOENA FOR DOCUMENTS—
to general partners of **The DRP Family Limited Partnership**

Produce the following documents:

Regarding **The DRP Family Limited Partnership-**for the period from January 1, 2000 through present

1. All documents reflecting or relating to formation and/or purpose of formation, including but not limited to any agreements and/or contracts for formation of the limited partnership;

2. All documents reflecting the identity of limited partners;

3. All documents reflecting or relating to assets received and/or owned;

4. All documents reflecting or relating to income received;

5. All documents reflecting or relating to payments and/or distributions;

6. All federal form k-1s and any and all other federal income tax reports and/or returns;

7. All documents reflecting or relating to the transfer or assignment of any asset;

8. All documents reflecting or relating to minutes or memos of meetings of partners; resolutions, directives, authorizations and/or decisions for any action by or on behalf of the limited partnership; and the minute book of the limited partnership; and

9. All documents reflecting any capital contribution by any general or limited partner.

# EXHIBIT 2

Anthony F. Cottone
ATTORNEY AT LAW
55 Dorrance Street, Suite 400 · Providence, RI 02903

Admitted in Rhode Island, Massachusetts, Connecticut and New York

Tel: (401) 578-5696
Fax: (401) 861-2922
cottonelaw@cox.net

November 28, 2007

John D. Deacon, Jr., Esq.
72 Pine Street
Providence, RI 02903

Re: Earthlink v. David R. Paolo

Dear John:

As per our discussion this morning, I have enclosed the original signed copy of your August 30, 2007 letter enclosing two subpoenas to David R. and Kathleen K. Paolo, in their capacities as general partners of the DPR Family Limited Partnership. As reflected in your letter, I did agree to accept service of the subpoenas in August.

I have contacted my clients and will be back to you as soon as possible with a date by which you can expect compliance.

Very truly yours,

Anthony F. Cottone

cc: David R. Paolo
Kathleen K. Paolo

JOHN D. DEACON, JR.
ATTORNEY

72 Pine Street
Providence, Rhode Island 02903
Telephone: (401) 272-8080
Facsimile: (401) 490-6918 & (401) 521-3555
Email: jdeacon@lmkbw.com

VIA HAND DELIVERY

August 30, 2007

Anthony Cottone, Esq.
170 Westminster Street
Providence, RI 02903

Re: Earthlink v. David R. Paolo

Dear Tony:

Enclosed are copies of the subpoenas for documents to David R. Paolo and Kathleen K. Paolo as general partners of the DRP Family Limited Partnership. Please confirm your agreement to accept service of these subpoenas by signing and returning to me the enclosed copy of this letter.

Very truly yours,

John D. Deacon, Jr.

ACCEPTED:

Anthony Cottone

Date: 11/28/07

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

EARTHLINK, INC. :
:
v. : Misc. 07-0015-ML
:
DAVID R. PAOLO :

**MEMORANDUM IN SUPPORT OF MOTION OF EARTHLINK, INC. TO ADJUDGE IN CONTEMPT AND FOR ENFORCEMENT OF SUBPOENAS**

Plaintiff Earthlink, Inc. submits this Memorandum in Support of its Motion to Adjudge in Contempt and for Enforcement of Subpoenas, against defendant David R. Paolo and his wife Kathleen Paolo. The Motion is supported by the Affidavit of John D. Deacon, Jr., plaintiff's counsel.

This proceeding involves collection of money judgments entered by the United States District Court for the Northern District of Georgia in favor of Earthlink against David R. Paolo, a resident of Rhode Island.

On December 11, 2006, the Northern District of Georgia entered judgment in favor of Earthlink against David R. Paolo for damages totaling $326,952, and for costs. Previously, on November 7, 2006, the clerk in that District had entered an order and judgment on the court's award to Earthlink of attorney's fees against Paolo in the amount of $48,628.75.

On February 7, 2007, pursuant to 28 USCA §1969, both judgments were registered in this District. [1] On May 7, 2007, undersigned counsel John Deacon entered

---

[1] The proceeding commenced by registration of the damages' judgment is docket No. 1:07-MC-0015-ML-DLM. A different docket number was assigned to registration of the award of attorney's fees: No. 1:07-MC-0016-ML-DLM.

appearance for Earthlink. On July 9, 2007, Attorney Anthony Cottone entered appearance for Paolo.

It appears that Paolo's primary asset is a house, located in Scituate, Rhode Island, which has an assessed value of $981,300. In January of 2006, the house was owned by Paolo and his wife, Kathleen Paolo. During the year 2006, when the litigation by Earthlink against Paolo in Georgia was drawing to conclusion, with Earthlink's motions for summary judgment and for default judgment against Paolo, the title to Paolo's house was run through six separate transactions involving Paolo's Mother, Elaine Paolo, and an entity named the DRP Family Limited Partnership, of which Paolo and his wife, Kathleen, are the general partners. The series of transfers ended with DRP transferring the title to Elaine Paolo for no consideration.

It appears reasonably clear that this series of transactions involving the title to Paolo's house, culminating with his Mother receiving title to the house without paying consideration, were intended as an attempt to put the house out of the reach of creditors, specifically Earthlink.

On August 15, 2007, for the purpose of attempting to collect on the registered Judgments, including discovery of facts relating to potential claims for transfer in fraud of creditors, Earthlink's Rhode Island counsel issued subpoenas for documents to Paolo and to his wife Kathleen, in their capacities as general partners of the DRP Family Limited Partnership. The subpoenas called for production of the requested documents by August 30, 2007. Copies of the subpoenas are attached to the Affidavit of Deacon.

The events of the ensuing eight months, from late August of 2007 through present, are set forth in detail in the supporting Affidavit of Deacon. In summary, for the

past eight months, the Paolos have been willfully and persistently flouting their obligations under the subpoenas, despite repeated false promises of compliance. They have not produced any of the documents requested by the subpoenas, not a single one.

## ARGUMENT

Enforcement of subpoenas in cases of disobedience is governed by Rule 45(e), which provides in relevant part: "Failure by any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued."

The failure of a subpoenaed party to attend or produce documents according to the terms of a subpoena is prima facie evidence of contempt. See, e.g., Food Lion, Inc. v. United Food & Commercial Workers Int'l Union, 103 F.3d 1007 (D.C. Cir. 1997); 9A Wright-Miller-Kane, Federal Practice & Procedure, §2465 at 533.

In the present case, the conduct of Paolo and his wife Kathleen was not mere noncompliance, but rather a persistent and willful disobedience, while making numerous empty promises of compliance, over an extended period of time totaling eight months.

Plaintiff's motion requests the following remedies:

(1) that David R. Paolo and Kathleen Paolo be adjudged in contempt and be incarcerated, and ordered to pay $500.00 per person per day to Earthlink, until they have complied in full with the subpoenas for documents served upon them;

(2) that they be ordered to pay for the attorney's fees and costs incurred in attempting to obtain compliance with and enforcement of the subpoenas (six hours of attorney time at $275 per hour); and

(3) for such other and further relief as may be deemed appropriate.

Earthlink, Inc.
By Its Attorney,

/s/ John D. Deacon, Jr.
John D. Deacon, Jr., #2226
72 Pine Street
Providence, RI 02903
(401)272-8080
(401)272-8195
email: jdeacon@lmkbw.com

**CERTIFICATION**

I hereby certify that on April 25, 2008, a copy of the foregoing Motion of Earthlink, Inc. to Adjudge in Contempt and for Enforcement of Subpoenas was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system, or by e-mail or to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Anthony F. Cottone cottonelaw@cox.net

/s/ John D. Deacon, Jr.