UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| EARTHLINK, INC. | : | |
| | : | |
| v. | : | Misc. 07-0015-ML |
| | : | |
| DAVID R. PAOLO | : | |

**PLAINTIFF'S MEMORANDUM REGARDING**
**INCARCERATION AS A SANCTION FOR CIVIL CONTEMPT**

Plaintiff submits this memorandum in response to the Court's request for legal authorities regarding incarceration as a sanction for civil contempt.

The present proceeding is for civil contempt, the purpose of which is remedial and coercive, as distinguished from criminal contempt, the purpose of which is to punish affronts to the authority of the court. See United Mine Workers v. Bagwell, 512 U.S. 821, 827-28 (1994); United States v. United Mine Workers, 330 U.S. 258 (1947).

In the context of civil contempt, remedial sanctions are those designed to compensate the complainant for harm or loss sustained as a result of the contumacious behavior; coercive sanctions are those intended to coerce the contemnor into compliance. In re Grand Jury Witness, 835 F.2d 437 (2d Cir. 1987), cert denied 485 U.S. 1039 (1989). A civil contemnor may avoid the coercive sanction simply by obeying the legal obligation sought to be enforced. United States v.Winter, 70 F.3d 655, 661 (1st Cir. 1995).

"The paradigmatic coercive, civil contempt sanction involves confining the contemnor indefinitely until he complies with an affirmative command, [such as producing documents required by subpoena.]" United Mine Workers v. Bagwell, 512 U.S. 821, 828 (1994); see also Shillitani v. United States, 384 U.S. 364, 368 (1966)

(contemnors incarcerated as a sanction for civil contempt "carried the keys of their prison in their own pockets").

Incarceration in such cases may and should continue as long as the contemnor has the power to comply with or perform the relevant legal obligation. See, e.g., In re Federal Grand Jury 1987 Term, 677 F.Supp. 26 (D. Me. 1988); Re Catanzaro, 663 F.Supp. 1, (D. Col. 1985); Re Pantojas, 496 F.Supp. 344 (D.P.R. 1980); see also In re Grand Jury, 851 F.2d 499 (1st Cir. 1988).

Daily fines are also an appropriate coercive sanction for civil contempt, but daily fines may not be appropriate in cases where the contemnor claims lack of financial resources, such as the present case. United Mine Workers v. Bagwell, 512 U.S. at 829-830 (1994).

In selecting contempt sanctions, the court is obliged to use that amount of power sufficient to coerce compliance and performance, and no more. Spallone v. United States, 493 U.S. 265 (1990). In the present case, incarceration is appropriate, because the contemnors can avoid or limit incarceration simply by producing the documents requested by the subpoenas.

Earthlink, Inc.
By Its Attorney,

/s/ John D. Deacon, Jr.

John D. Deacon, Jr., #2226
72 Pine Street
Providence, RI 02903
(401)272-8080
(401)272-8195
email: jdeacon@lmkbw.com

**CERTIFICATION**

I hereby certify that on May 23, 2008, a copy of the foregoing Plaintiff's Memorandum Regarding Incarceration as a Sanction for Civil Contempt was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system, or by e-mail or to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Anthony F. Cottone cottonelaw@cox.net

/s/ John D. Deacon, Jr.

F:\John D\Earthlink\PLEADINGS\07-0015\MEMO RE INCARCERATION.doc